(108 So. 350)

**BOLES v. STATE.** (8 Div. 346.)

(Court of Appeals of Alabama. April 13. 1926.)

**1. Criminal law ⬤⇒510—In prosecution for manufacturing whisky, refusal of general charge for defendant was error, where accomplice's testimony was uncorroborated, and, without it, evidence was insufficient to support conviction (Code 1923, § 5635).**

In prosecution for manufacture of whisky, refusal of general charge for defendant was error, where testimony of accomplice was uncorroborated, and, without accomplice's testimony, the evidence was insufficient to support conviction, as Code 1923, § 5635, provides that conviction of felony may not be had on the uncorroborated testimony of an accomplice.

**2. Criminal law ⬤⇒507(1)—One whom defendant sent to still to get sacks and who was to shell corn for making malt held an "accomplice."**

One who was sent down to a still by defendant to get some sugar sacks, and who was to shell corn for making it into malt, held an "accomplice."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accomplice.]

Appeal from Circuit Court, Limestone County; N. D. Denson, Judge.

John Boles was convicted of manufacturing whisky, and he appeals. Reversed and remanded.

W. H. Long, of Decatur, for appellant.

The evidence was not sufficient to sustain a conviction, and defendant was due the affirmative charge. Knight v. State, 97 So. 163, 19 Ala. App. 296; Moody v. State, 104 So. 142, 20 Ala. App. 572; Hutcheson v. State, 106 So. 206, ante, p. 174; Parsons v. State, 104 So. 556, 20 Ala. App. 615.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The general affirmative charge was properly refused. Tatum v. State, 102 So. 726, 20 Ala. App. 436.

SAMFORD, J. The indictment was in two counts. The first charged that the defendant manufactured whisky, and the second that he unlawfully possessed a still, etc. There was verdict and judgment under the first count. There was evidence tending to prove the corpus delicti under both counts of the indictment. In fact, there was no denial that a complete still, already set up, and recently operated, together with several barrels of fermented beer containing alcohol, was found by officers on an island in the Tennessee river in Limestone county.

[1, 2] The state then undertook to connect the defendant with the still or the beer. To do this, it was shown that the island was about two miles long; that the still was in a thicket on the river bank on the west end of the island; that defendant rented land on the east end of the island about two miles from the still; that the island was owned by one Finlay, and the western part was rented to other parties; that on the morning of the day the still was found the officers were in hiding near the still and saw the defendant coming in the direction of the still in company with two collie dogs; that the dogs discovered the officers when defendant was within 50 yards of the still, and, being discovered, the officers then and there arrested the defendant, on what charge is not shown. The defendant did not own or control the land on which the still was found, never went to it, and, so far as the testimony of the officers is concerned, knew nothing about it. Under repeated decisions of this court this evidence was not sufficient upon which to base a conviction. Parsons v. State, 104 So. 556, 20 Ala. App. 615; Johnson v. State, 104 So. 352, 20 Ala. App. 598; Ammons v. State, 101 So. 511, 20 Ala. App. 283. Indeed the state seems to recognize this as being insufficient evidence, and sought to connect the defendant with the crime proven by the testimony of one Jim Douglass, who had been convicted of the same offense here charged, and who, even admitting defendant's guilt, was an accomplice. This witness testified that he had been sent down to the still by defendant to get some sugar sacks; that he (witness) was to shell some corn for making it into malt; that he (witness) was arrested immediately upon his arrival at the still. The court has read this record sitting en banc, and we have sought in vain for facts corroborating the testimony of this admitted accomplice. The Attorney General has pointed out none. In the absence of corroboration, the defendant was entitled to the general charge as requested. Code 1923, § 5635. For the error in refusing the general charge as requested, the judgment is reversed and the cause is remanded.

Reversed and remanded.