(108 So. 350)

### PATTERSON v. STATE.    (7 Div. 167.)

(Court of Appeals of Alabama. April 20, 1926.)

**1. Criminal law �köm507(1).**

One who had pleaded guilty of and served time for owning and operating still was accomplice, whose uncorroborated testimony was insufficient to convict defendant of possessing such still.

**2. Intoxicating liquors �köm238(1).**

Defendant *held* entitled to affirmative charge as to count of indictment charging possession of still.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Drew Patterson was convicted of possessing a still, and he appeals. Reversed and remanded.

W. J. Boykin, of Gadsden, for appellant.

There was no evidence to submit to the jury on the second count of the indictment, and the affirmative charge requested by defendant should have been given. Moody v. State, 20 Ala. App. 572, 104 So. 142; Murphy v. State, 20 Ala. App. 624, 104 So. 686; Moon v. State, 19 Ala. App. 176, 95 So. 830.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

The testimony was sufficient to justify submission to the jury.

BRICKEN, P. J. After a consideration of all of the evidence in this case, this court has reached the conclusion that the defendant was entitled to the affirmative charge as to count 2 of the indictment. The charge of this character was requested in writing and refused by the court.

[1, 2] Taking the evidence in its worst possible phase against the defendant, the only criminating fact against him, other than his mere presence 15 or 20 steps from the still, was the testimony of one George Neeley, who stated that the defendant "pitched him some wood," after which the officers closed in at that time. Neeley was an admitted owner and operator of the still in question. He had pleaded guilty to the offense and served his time. He was therefore an accomplice,

whose testimony without proper corroboration was insufficient to fasten guilt upon this defendant. It affirmatively appears in this case that not only was there no testimony of any character to corroborate the accomplice, but the evidence of all the state's witnesses and of every witness who gave testimony as to the whole transaction refutes and contradicts the statement made by Neeley that this defendant "pitched the wood to Neeley." Each of the witnesses for the state (except Neeley, the accomplice) and each of the witnesses for the defendant gave affirmative testimony to the effect that this defendant did nothing whatever except to stand on a hill 15 or 20 yards away from the still. However, should it be conceded that the testimony of Neeley was true, this defendant could only have been convicted for the misdemeanor of attempting to make prohibited liquor, and that question was eliminated from the jury by the action of the court in giving at the request of defendant the affirmative charge in his behalf as to the first count of the indictment. There is a total lack of evidence showing or tending to show that this defendant did manufacture, sell, give away, or have in his possession a still, etc., as charged in the second count of the indictment. Moreover, from the whole evidence in this case, the only evidence touching upon the question of ownership and possession of the still, it was shown conclusively that it belonged to and was in the possession of the state witness Neeley and George Patterson, the brother of this defendant, Drew Patterson. As stated there was no evidence showing or tending to show that this appellant had possession of the still or that he exercised any act of ownership or dominion relative thereto. He explained his presence there by stating he had but a few days before moved to that neighborhood, and had just learned the day before that his brother, George Patterson, was interested in the still, and that upon the occasion of his arrest he had gone there to try to persuade his brother to stop that kind of business. In this connection he testified:

"I knew the still was there, found it the evening before. I found out that my brother was stilling, and he promised me he was going to quit. * * * When I first went down there near the still I asked George was he going to pour out that stuff and quit like he promised me. That is what I went there for."

There was other evidence to corroborate these statements by the defendant, and there was no evidence in conflict therewith.

. We regard as unnecessary a discussion of other questions presented on this appeal.

For the error of the court in refusing to the defendant the general affirmative charge as to count 2 of the indictment, the judgment of conviction appealed from is reversed and the cause remanded.

Reversed and remanded.