### GANDY et al. v. STATE. (8 Div. 426.)

(Court of Appeals of Alabama. May 11, 1926.)

**1. Criminal law ⚖⚖507(1)—Plea of guilty by coindictee makes him accomplice of defendant, who cannot be convicted, unless accomplice's evidence is corroborated by other evidence connecting him with commission of offense (Code 1923, § 5635).**

Plea of guilty by party jointly indicted for felony makes him an accomplice of coindictee, who cannot be convicted on accomplice's testimony, unless corroborated by other evidence tending to connect him with commission of offense, which, under Code 1923, § 5635, is not sufficient, if merely showing commission of offense.

**2. Criminal law ⚖⚖510—Uncorroborated testimony by accomplice, shown to be of bad character, as to defendant's part in burglary and grand larceny held to require discharge of defendant.**

Evidence mainly consisting of testimony by accomplice, shown to be of bad character, as to defendant's part in burglary and grand larceny, uncorroborated by any other evidence, and denied by defendant, held to require discharge of defendant.

**3. Larceny ⚖⚖40(2).**

In larceny, state must prove value of alleged stolen property, which may be averred and proved in the aggregate or value of each article may be proven separately.

**4. Criminal law ⚖⚖1170½(2).**

Where values of separate articles were alleged in indictment for grand larceny, question to injured party as to what was total value of property taken, though error, was cured by answer stating value of items separately.

**5. Criminal law ⚖⚖1137(5).**

Admission of irrelevant evidence by state as to articles of clothing not included in indictment for grand larceny, brought out with defendant's consent, and not objected to, presents nothing for consideration on appeal.

**6. Witnesses ⚖⚖372(2)—Where witness admitted ill will towards defendant, refusal to allow cross-examination as to bad feelings of her entire family towards defendant held not erroneous.**

Refusal to allow state's witness to testify on cross-examination that feelings of her entire family towards defendant were bad held not erroneous, where witness admitted own ill will towards defendant; defendant receiving full benefit of rule permitting wide latitude on cross-examination of adverse witness to show bias as affecting credibility of witness' testimony.

**7. Criminal law ⚖⚖753(2).**

Under Code 1923, § 5635, where no corroboration of evidence of self-addressed accomplice has been adduced, defendant charged with burglary and grand larceny is entitled to general affirmative charge.

**8. Criminal law ⚖⚖951(1).**

Where defendant was tried on September 29th, sentenced on October 2d, and service of motion for new trial was acknowledged on October 26th, court's reason, dated October 30th, for refusing to consider motion as not called to attention of court within 30 days after trial, held untenable.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Ernest Gandy and Obey Tucker were convicted of burglary and grand larceny, and they appeal. Reversed and remanded.

It is recited in the judgment entry on the motion for new trial that "the defendants were tried on the 29th day of September, 1925, and sentenced to the penitentiary on and 2d day of October, 1925. Said motion was not filed until long after the defendants were sentenced, and was not called to the attention of the court until this the 30th day of October, 1925, which was more than 30 days after the defendant's trial. It is therefore ordered and adjudged by the court that the said motion be, and the same is hereby, overruled, and the defendants except."

Bradshaw & Barnett, of Florence, for appellants.

The testimony of the accomplice being uncorroborated, the defendants could not be convicted of the offense charged. Code 1923, § 5635; Burk v. State, 18 Ala. App. 413, 92 So. 506; Owens v. State, 19 Ala. App. 621, 99 So. 774. Defendants were due the affirmative charge given in their favor, or to have the motion for new trial granted. Thompkins v. State, 7 Ala. App. 140, 61 So. 479; Lindsey v. State, 170 Ala. 80, 54 So. 516; Harris v. State, ante, p. 67, 105 So. 389. The motion was within the time allowed, dating from the day of sentence; refusal to consider it was error. Code 1923, § 6670; 33 C. J. 1047; 4 C. J. 798; Palliser v. Home Tel. Co., 170 Ala. 341, 54 So. 499; Anderson v. State, 209 Ala. 36, 95 So. 171. Defendants should have been permitted to show by witness Mrs. Brown that the feelings of her whole family toward Gandy were bad. Ham v. State, ante, p. 103, 105 So. 390.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

There was sufficient corroboration of the testimony of the alleged accomplice, and the affirmative charge was properly refused. Hargett v. State, 18 Ala. App. 616, 93 So. 207; Segars v. State, 19 Ala. App. 407, 97 So. 747; Bradley v. State, 19 Ala. App. 578, 99 So. 321; Pellum v. State, 89 Ala. 28, 8 So. 83.

BRICKEN, P. J. The first count of the indictment charged burglary. Count 2 charged grand larceny. The alleged stolen property

⚖⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

is specified in the second count as two auto-mobile tires, of the value of $9.48 each; and about $11.85 lawful money of the United States, etc.

The indictment is against four defendants. We gather from the record that one of said parties has never been apprehended; that the defendant Odell Brown, named in the indictment, interposed a plea of guilty, as charged therein upon his arraignment; that the remaining two defendants, appellants here, were jointly tried and convicted, and that each of them appealed to this court.

[1] As stated, the accused, Odell Brown, confessed his guilt, and was so adjudged upon his plea of guilty. He was therefore an accomplice in contemplation of law, and, the charge here being a felony, no conviction of either of these appellants can be had upon his (Brown's) testimony, unless his evidence is corroborated by other evidence tending to connect these defendants with the commission of the offense, and the statute expressly provides that such corroborative evidence is not sufficient, if it merely shows the commission of the offense or the circumstances thereof. Code 1923, § 5635.

[2] As to the appellant Obey Tucker there was manifest error in refusing the general affirmative charge requested in writing in his behalf. The only evidence in the record tending in the least to afford an inference of Tucker's complicity in the offense complained of was that given by the self-confessed thief, Odell Brown, and Brown's testimony in this respect was vague and uncertain. Brown testified, among other things:

"I know who broke into Veid's Laundry at the time the tires and some currency was taken out. There wasn't nobody went in but me and Gandy. I tore the cash drawer open. Ernest got the tires. Tucker had nothing to do with it that I know of."

Brown also testified that "Tucker was out at the car, and that he didn't get any of the money only what was spent. We spent some of it on him. He was present with us when we made the agreement that we would go to the Florence Lumber Company and get four tires and when we backed out and went to the laundry." On cross-examination Brown stated:

"Tucker didn't get any of the money except what was spent on him. He didn't have any of the money in his possession. He didn't go in the laundry. No, sir; he didn't steal the tires. Gandy stole them. Tucker didn't have anything to do with it in any way."

Aside from the above-quoted testimony given by the accomplice Brown, there is no evidence in this record to connect appellant Tucker with the commission of the offense—nothing tending in any manner to corroborate Brown's evidence—and his (Brown's) every statement so far as it related to Tucker was emphatically repudiated and denied

by Tucker. Tucker should have been discharged upon the trial of this case.

The injured party, J. J. Veid, testified only as to the substantive fact that his laundry had been burglarized, and that $11.85 in cash, and two automobile tires, valued at $9.48 each, were stolen. He expressly stated he knew of no fact to connect either of the parties charged, or any one else, with the crime. The state's case rested solely upon the testimony of Odell Brown, who confessed the crime, and who the testimony shows, without conflict or dispute, to be of bad character, and that of Brown's father and mother, Dave Brown and his wife, and each of them manifested ill will, hatred, and prejudice toward appellant Gandy.

[3, 4] The exceptions reserved to the court's rulings upon the testimony of state witness Veid are without merit. In cases of larceny it is always incumbent upon the state to prove the value of the alleged stolen property. The value may be averred and proven in the aggregate; that is, the collective value may be averred and proven. The safer and better practice, however, is to aver the value of each article and to prove the value as averred, for, if the jury do not find a general verdict of the entire charge, but do return a verdict of guilty as to the larceny of one or more of the alleged stolen articles, by not specifically alleging and proving the value, difficulties in pronouncing judgment in many cases would necessarily arise. Here, however, as stated, the alleged stolen property and its value was separately and distinctly stated, and the proof properly met the averments in the second count of the indictment. The question propounded to witness Veid was subject to the objection made, for the reason that each separate article and its respective value was properly alleged in the indictment, and the question to witness Veid related to the aggregate value. The question was badly worded also, as follows:

"Now what was the total value the total amount of the $11.45 in cash that was taken and the tires?"

The court overruled the objection of defendant to above question. The objection should have been sustained, but the answer of the witness cured the error when he stated:

"Well the two tires was $9.48 a piece, and the cash was $11.85, and that was $30.81."

There was no injury to the substantial rights of defendant in this connection.

[5] State witness Dave Brown was permitted without objection to testify relative to clothes, shirts, overalls, etc. What relevancy this testimony had to the issues involved upon the trial of this case is not apparent. No such articles were included in the indictment. The alleged injured party gave no evidence as to the larceny of such articles

from his place of business, nor were any of the articles of clothing, etc., testified to by witness Dave Brown, identified by any one as having been stolen at the time and place in question. As stated, however, this evidence was brought out by the state with the apparent consent of defendants, as no objections in this connection were interposed, and no ruling of the court was otherwise invoked. There is nothing presented in this for our consideration. Witness Dave Brown, father of Odell Brown, testified that his feelings toward defendant Gandy were bad, and by other expressions of this witness it is manifest that he harbored great ill will and prejudice against Gandy. There is nothing in said witness' testimony to corroborate his son, Odell, as to the participation by Gandy in the crime complained of.

[6, 7] Mrs. Dave Brown, mother of Odell Brown, testified: "Yes, sir; certainly my feelings toward Gandy is bad." She was then asked by defendant: "The feelings of your whole family toward Gandy is bad?" The court sustained the state's objection to this question, and exception was reserved. It is strenuously insisted that this ruling was error. We do not so conclude, for the reason that the witness freely admitted her own bad feeling or ill will towards defendant Gandy, and the defendant thereby received the full benefit of the rule which allows a defendant much latitude on cross-examination of an adverse witness to show the bias, prejudice, or ill will of the witness as affecting the credibility of the testimony given by said witness. As stated, this witness testified that her feelings toward defendant Gandy were bad. Other statements in her testimony concerning Gandy tended to show her bias, prejudice, and ill will toward him. Witness' "family" may have consisted of many persons who were in no manner connected with the trial of this case, as witnesses or otherwise, and certainly the feelings of such members of her family would not be relevant or admissible under the status here shown. Of course, if this witness had testified that her feelings were kind and friendly toward Gandy, a different question would be presented, and, in order to test the truthfulness and sincerity of such statement, it would be admissible to show that the feelings of her whole family toward Gandy were bad. This was the condition in the case of Ham v. State (Ala. App.) 105 So. 390,[1] to which we are cited. In that case the witness "Miss Robinson" had testified that she had no ill feelings toward defendant. This court held that it was error to refuse to allow the defendant to test the bona fides and sincerity of her statement as to her own feelings by showing that "you all

(meaning the Robinson family) had a good deal of feeling towards Mr. and Mrs. Ham (defendants) over this case." But, pertermitting all this, there was nothing in the testimony of this witness Mrs. Brown to corroborate her son, Odell Brown, as to the participation by Gandy in the commission of the offense charged. As her testimony concluded the state's evidence upon the main facts, and, as no corroboration of the evidence of the self-confessed accomplice had been adduced, defendant Gandy was also entitled to the general affirmative charge requested by him in writing, and its refusal was error.

The wisdom of the statute (Code 1923, § 5635) as to the necessity of corroboration of the testimony of an accomplice is well manifested in this case. Here the conviction of Gandy and Tucker rested solely upon the testimony of young Odell Brown, as to whom every inference is unfavorable. He was proven without dispute to be of bad character, and that his character for truth and veracity was bad—there was indication as to at least one burglary, other than the one here complained of, that had been committed by him—and in the instant case under his own testimony he is guilty of this charge. On the other hand, defendant Gandy not only proved, by the undisputed evidence of many witnesses, that he was a man of good character, but also offered undisputed evidence (excepted by Brown) of an alibi to the effect he was at his home at Mars Hill, with his mother and father on the night in question. Under all the evidence Gandy also should have been discharged.

[8] From what has been said, the fact that the court declined to consider defendant's motion for a new trial is immaterial. In this connection we note, however, that the trial of these appellants was had on September 29, 1925, and that, after conviction, they were sentenced, and judgment was pronounced on October 2, 1925; also that it affirmatively appears that the motion for new trial was made and entered, and that said motion contains the following indorsement:

"I hereby acknowledge service of the foregoing motion, and waive all service by the sheriff. This the 26th day of October 1925. H. D. Jones, Solicitor of the Eleventh Judicial Circuit."

It would thus appear that the reasons assigned by the court, and dated October 30, 1925, for declining to hear the motion and for overruling same without a hearing are untenable.

No other questions are presented.

The judgment of conviction as to each appellant is reversed, and the cause as to both is remanded.

Reversed and remanded.

---

[1] Ante, p. 103.