179 So. 261

### BROWN v. STATE.

### 6 Div. 253.

Court of Appeals of Alabama.

Dec. 14, 1937.

Rehearing Denied Jan. 11, 1938.

J. B. Powell, of Jasper, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The appellant and Arthur Lawrence were jointly indicted by the grand jury of Walker county on a charge of grand larceny and burglary. The indictment was in two counts; the first count charging grand larceny, and the second count charging burglary.

The defendant Arthur Lawrence pleaded guilty, under the first count of the indictment, to petit larceny, and judgment and sentence were duly entered in his case, from which there is no appeal here.

The appellant was placed on trial on the indictment, pleaded not guilty, and, after hearing the evidence and the charge of the court, the jury returned a verdict of guilty under the second count of the indictment.

This eliminates all questions applicable only to the first count.

The evidence for the State tends to prove the corpus delicti as alleged, to wit: The breaking and entering, with the intent to steal, the storehouse of Lofton Scott, etc.

The evidence for the State tends to prove that these two defendants, together with two young women, were out in an automobile riding around the country visiting roadhouses, barbecue stands, and lying out in the woods all night; that, at 2 o'clock in the morning the battery in the car in which they were riding failed to operate, and these two young men went down to the storehouse of Scott's, broke in the window and took a new battery, carried it back to the car, took the new cells out of the new battery and put them in the case of the old battery, leaving the case to the new battery where the change was made, and where it was found by the officers.

At the all night filling station and barbecue stand, where the parties were gathered at 2 o'clock in the morning, were other couples, young men and young women, all of whom, according to the testimony of the State's witnesses, were men and women of bad character.

After the arrest of the two defendants charged with this crime, Lawrence made a full confession describing how the crime was committed and implicating this defendant in its execution.

Under the statute (Code 1923, § 5635), which is well known to the profession, a defendant on trial for felony cannot be convicted on the uncorroborated statements of an accomplice, and it is admittedly a fact that Lawrence was an accomplice in this crime and equally guilty with the appellant.

The appellant, by his defense and the testimony of his witnesses, undertook to

62

place the entire blame on Lawrence, and his statement was corroborated by the witnesses who testified in his behalf, but who were all shown to be men and women of bad character and to be conducting themselves on that night in such a manner as would render their testimony of little weight in undertaking to exonerate one of their associates, who, himself, is shown to be a man of bad character.

Without entering into detail, we conclude that the evidence for the State, together with the facts and circumstances surrounding the entire transaction, is amply corroborative of the testimony of Lawrence, who fixed the guilt for this crime upon the appellant here without exonerating himself.

We may add that the group of young men and young women found together on that night, riding about the country, lying out in the woods until morning, visiting all night barbecue stands, drinking whisky, and Coca-Cola, gives every evidence of the beginning of "gang life," whose lawless acts become a menace to the community, leading swiftly to greater crimes and more serious consequences.

There are some slight technical errors in the admission of the testimony in this case, but none of these errors are of such nature as would authorize a reversal. The entire evidence points to Lawrence and this defendant as the perpetrators of the crime, with perhaps a full knowledge of the facts on the part of the two women who were with them, and of one witness who got with them early the next morning.

We find no error in the record, and the judgment is affirmed.

Affirmed.