13 So.2d 775

## HERD v. STATE.

### 7 Div. 690.

Court of Appeals of Alabama.
March 23, 1943.

Rehearing Denied April 6, 1943.

Morel Montgomery, of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Randolph G. Lurie, Asst. Atty. Gen., for the State.

RICE, Judge.

It was conceded that the offense of burglary was committed.

An indictment, regular in form, was returned, charging "Jesse Herd, Robert Herd, and James Wallace" with the offense.

The crime was committed in August, 1939. Within a week, Jesse Herd and James Wallace were arrested; and a large quantity of the goods taken when the offense was committed was recovered.

Jesse Herd and James Wallace admitted the charge against them; plead guilty in court and were duly sentenced to the penitentiary. Robert Herd was not arrested for more than two years afterward.

At the time that Jesse Herd and James Wallace were arrested, they stated that Robert Herd was with them when the crime was committed.

Appellant's astute counsel makes a point here concerning the allowance in evidence of the statements of Jesse Herd and James Wallace connecting appellant with the crime.

But in the view we take of the case it is unnecessary to "adjudicate the point."

We simply concede, for the purposes of our opinion, that the testimony of these two admitted accomplices does fasten guilt upon appellant.

But under the express provisions of Section 307 of Title 15 of the Code of 1940, a conviction may not be had on such testimony "unless corroborated by other evidence tending to connect the defendant with the commission of the offense."

The court has read, studied, and carefully considered, while sitting en banc, the entire testimony in the case.

It is our opinion, and we hold, there was no substantial testimony tending to corroborate that given by the two accomplices named.

It results, the conviction cannot stand. And the trial court was in error in overruling appellant's motion to set aside the verdict of the jury and grant him a new trial. For this error the judgment is reversed and the cause remanded.

Reversed and remanded.