203 So.2d 466

**Harvey D. KING**

**v.**

**STATE.**

**1 Div. 221.**

Court of Appeals of Alabama.

Oct. 24, 1967.

Wilters & Brantley, Bay Minette, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

The Grand Jury of Baldwin County, Alabama, indicted appellant for the offense of second degree burglary. Upon a plea of not guilty, appellant was convicted by the Circuit Court of Baldwin County, Alabama, and sentenced to a term of four years in the State Penitentiary. From this judgment, this appeal is made.

On the night of June 8, 1966, the Pure Oil Station in Bay Minette, Alabama, owned by Albert Dyess, was broken into and a small Zenith radio, money, and cigarettes from a cigarette machine were stolen.

Mr. Dyess testified as to the condition in which he found the station on opening it for business on June 8, 1966, but stated that he was not sure if the radio was in the station when it was closed on the preceding night or not. He stated that he last saw it when he turned it off the afternoon of June 7. Upon being shown a radio by the solicitor for identification, Mr. Dyess testified in part as follows:

"Q. Mr. Dyess, I show you this radio and ask if you can identify that radio?

"A. That looks like the one.

"Q. Was it that kind of radio?

"A. Yes, only it was in a little leather case.

"Q. This is the kind of radio it was?

"A. Yes sir.

\*   \*   \*   \*   \*   \*

"Q. Do you, or did you have any special marking on your radio?

"A. No sir.

"Q. This could well be somebody else's radio?

"A. Yes sir; I could not swear it is mine and I won't swear that it is.

"Q. You won't swear that it is your radio?

"A. No sir, I won't swear that it is."

At the end of Mr. Dyess' testimony appellant's counsel moved to exclude the radio as evidence and the court denied the motion, stating, "I am troubled about it", and would possibly consider the question again.

Officer Spann testified for the State that he had gotten the radio in question from the home of one Ruby Powell while investigating the burglary. Spann stated when he spoke with appellant he advised

him of all his rights by law and that appellant asked to see him (Spann) and started to make a confession if the officer could do something for him, but that none was given.

Ruby Powell testified that the radio in question was one brought to her house by appellant, and stated that it was the same she gave to investigating officer Spann.

Walter Styron, admitted accomplice of appellant, testified that he was making a statement for the State because the State "said I may get out on probation". Styron stated that he accompanied appellant when he robbed the Pure Oil Station and that appellant broke a window and went inside alone and took a radio and broke into the cigarette machine "with a screw driver". The witness stated that he did not get a good look at the radio taken, only touched it, and did not take the cover off to look at it. Styron stated that he saw the radio in question at Ruby Powell's house without the cover on it and that it was the same radio brought by appellant to the Powell house. At this point, counsel for appellant's motion to exclude the State's evidence was denied.

■ Appellant's claims of error as to the coercion of a confession from appellant have no merit, as there was never proof of any confession and none was introduced into evidence.

■ Appellant's contention that in his argument to the jury the solicitor prejudiced appellant by his comments on appellant's conversation with Officer Spann was not such as would prejudice the jury against appellant and if error was committed, it was error without injury. Rule 45, Rev.Rules of Sup.Ct. of Ala.

■ In his contention that the testimony of Walter Styron was simply uncorroborated testimony of an accomplice, we feel that appellant's claim of error has much merit. The Code of Ala., 1940. Tit. 15, Sec. 307 states:

"A conviction of felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."

This court has set out the general rule of law in Alabama as follows in Evans v. State, 42 Ala.App. 587, 172 So.2d 796:

"Another accomplice's testimony may be cumulative but cannot be corroborative. * * *"

See also Brown v. State, 28 Ala.App. 61, 179 So. 261; Bailey v. State, 30 Ala.App. 374, 8 So.2d 202; Herd v. State, 31 Ala. App. 116, 13 So.2d 775; Fuller v. State, 34 Ala.App. 211, 39 So.2d 24; Williams' Alabama Evidence, Sec. 306, p. 551.

The State contends that the identification of the radio by Ruby Powell as the one appellant brought to her house and the statement of the accomplice that the radio was the same one appellant took to Ruby Powell's house after the robbery was sufficient corroboration. With this, we cannot agree. ·In Sorrell v. State, 249 Ala. 292, 31 So.2d 82, the court stated:

"We think the following text soundly states the principle and is particularly applicable to the case at bar; '* * * the proper test in determining whether there was sufficient corroboration of the testimony of an accomplice, according to statutory requirements, is first to eliminate the evidence of the accomplice and then, if upon examination of all the other evidence there is sufficient inculpatory evidence tending to connect the defendant with the commission of the offense, there is sufficient corroboration.' 2 Wharton, Criminal Evidence § 752, 11th Ed."

■ Without the testimony of the accomplice in this case, the State has no cause of action. The State did not here under the evidence identify the radio in question

and failed to prove the corpus delecti of the crime which is so indispensably necessary to conviction. In Daw v. State, 42 Ala.App. 642, 176 So.2d 49, the court stated:

"\* \* \* it is incumbent upon the State to first offer evidence to support the essential element, to the effect that the goods in defendant's possession were the identical goods stolen at time of commission of burglary."

Removing the uncorroborated testimony of the accomplice Styron, the State has proven nothing.

This cause is due to be and the same is hereby

Reversed and remanded.

CATES, Judge (dissenting).

Admittedly, the State trotted out a scantily clad corpus delicti.

However, I am constrained to dissent. I have read all of the testimony of the witness, Walter Styron. Whether or not Styron (who at the time of the crime was but fifteen years old) was an accomplice within the scope of Code 1940, T. 15, § 307, was, in my opinion, not a pure question of *law* solely for the trial judge.

This statute is not a spigot of mercy to be turned on and off only by the jury (State v. Carr, 28 Or. 389, 42 P. 215). Here there is no direct proof that Styron was by common law standards a principal, or an accessory either before or to the fact.

That he got some of the money which came from the vending machine, would, at most, make him an accessory after the fact or a receiver. See Cooper v. State, 43 Ala. App. 385, 191 So. 2d 224, and Leonard v. State, 43 Ala.App. 454, 192 So.2d 461; also McElroy, Evidence (2d Ed., § 300.01(6)).

Without a request by defense counsel in writing for a jury direction (e. g., Read v. State, 195 Ala. 671, 71 So. 96), I consider that on the face of the instant record the question of corroboration has not been preserved for appellate review.

The statute on corroboration is not of constitutional origin. Hence, it should be carefully applied so as not to bring about a miscarriage of justice. The State as much as the defendant is entitled to the protection of law. Rule 45 should require an affirmance of the judgment below.