220 So.2d 860

**John Henry DAVIS**

**v.**

**STATE.**

**8 Div. 312.**

Supreme Court of Alabama.

March 6, 1969.

H. Thomas Armstrong, Jr., and A. Allen Lee, Scottsboro, for petitioner.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., opposed.

HARWOOD, Justice.

The facts set forth in the opinion of the Court of Appeals show that Moore, who Davis insists was an accomplice, informed Davis that money was kept in the burglarized filling station during the time when he formerly worked there. Moore accompanied Davis to the filling station on the night in question. He saw Davis pry open a window to the filling station. After Davis' entry into the filling station, he told Moore to come on in "before the cops come." Moore thereupon entered the filling station. After Davis had rifled the cash register, he told Moore to "come on" and according to Moore "they left out." The next day Moore accepted $15.00 from Davis as his part of the proceeds obtained in the burglary.

After setting forth the facts tending to show the joint complicity of Moore and

Davis in the burglary, the Court of Appeals states: "Only the possession of the paper sack with coins and the request for silence is of any weight in our review * * *" i. e., was the testimony of the witness Ida Ruth McCamie, a sufficient corroboration of the testimony of the witness Moore to comply with the provisions of Section 307, Title 15, Code of Alabama 1940.

With the above quoted observation of the Court of Appeals, we are in full accord.

The opinion of the Court of Appeals then discusses at length the probative value of the showing of the bare possession of money by an accused, without more, and apparently concludes that the evidence of Moore's possession of money in a paper sack the day following the burglary, standing alone, was insufficient to connect Davis with the burglary. With this conclusion, we are likewise in accord. It would seem that these conclusions by the Court of Appeals would have necessitated a reversal of the judgment, since Moore's testimony was the only remaining evidence.

Despite the above conclusions, the Court of Appeals then proceeds to analyze the relationship between Moore and Davis and reaches the conclusion that Moore was merely passively present at the burglary and was a hindrance rather than a help. Certainly, it could be reasonably argued that Moore's informing Davis that money had been kept in the filling station, and his entry into the filling station at Davis' instruction, were positive acts, the entry being for the purpose of preventing detection by the police.

Be that as it may, the opinion of the Court of Appeals gave little weight to the fact that Moore was jointly indicted with Davis for the same burglary, a severance for trial being therafter granted.

The Court of Appeals' opinion sets forth:

"Although Moore was indicted and pled guilty to the same offense, this fact *does not for Davis's case* make him out ipso facto an accomplice. Latham v. State, 38 Ala.App. 92, 77 So.2d 499." 44 Ala.App. 684, 220 So.2d 852.

In *Latham* the alleged accomplice though indicted for the same offense as the defendant, had not pleaded guilty, but on the other hand, as the court pointed out, had denied any participation in the offense.

In Gandy v. State, 21 Ala.App. 384, 108 So. 656, a witness who was co-indicted with the appellant, had entered a plea of guilty to the indictment. In holding that under these circumstances the witness was an accomplice, the Court of Appeals wrote:

"As stated, the accused, Odell Brown, confessed his guilt, and was so adjudged upon his plea of guilty. He was therefore *an accomplice in contemplation of law,* and, the charge here being a felony, no conviction of either of these appellants can be had upon his (Brown's) testimony, unless his evidence is corroborated by other evidence tending to connect these defendants with the commission of the offense * * *". (Italics ours.)

To like effect see Boles v. State, 21 Ala.App. 356, 108 So. 350 (admitted accomplice); Patterson v. State, 21 Ala.App. 368, 108 So. 350, (wherein the court stated of an alleged accomplice: "He had pleaded guilty to the offense and had served his time. He was therefore an accomplice, whose testimony without proper corroboration was insufficient to fasten guilt upon this defendant.)"

In Berry v. State, 43 Ala.App. 60, 179 So.2d 428, the Court of Appeals reversed a judgment of grand larceny because of a denial of a motion to exclude the evidence on the basis of lack of corroboration of the testimony of witnesses "who, if at all connected in the crime with the defendant, were *self admitted accomplices.*" (Italics ours.)

In the recent case of King v. State, 44 Ala.App. 119, 203 So.2d 466, the Court of Appeals reversed the judgment of conviction on the basis that the witness who had accompanied the appellant to a service sta-

tion and saw the appellant break a window and go inside and secure a radio and money was an "admitted accomplice of the appellant."

In the present case the Court of Appeals also states that the fact that Davis paid Moore $15.00 as a part of the proceeds of the burglary was no part of the res gestae and was unconnected with any prior agreement. "Hence, Moore was, under the proof, at most either an accessory after the fact, being paid to conceal Davis's crime, or a receiver of stolen property if it had been proved that the $15.00 came from the station."

This evidence was introduced by the state. We think it relevant as tending to show Moore's intent at the time of the offense. Regardless, the elements of burglary in the second degree are, (1) the breaking and entering of an inhabited dwelling house in the daytime, or the breaking and entering, at any time in the day or night of the buildings, structures, or places described in the statute, Section 86, Title 14, Code of Alabama 1940, and, (2) with the intent to steal or commit a felony. Whether one gains or profits from the burglary is of no significance.

One final observation. The Court of Appeals has written at some length as to whether the lower court's instructions to the jury relative to the law concerning accomplices, which instructions the Court of Appeals regarded as not entirely correct, became the law of the case, there being no exceptions reserved to the instructions.

The Court of Appeals apparently concluded that any error in the instructions favored the appellant.

The opinion concludes:

"Nor do we think that there was error in denying Davis's motion to exclude because of the lack of corroboration. Moore not being an accomplice, his testimony required no corroboration."

For the reasons set forth above, we hold that Moore as a matter of law was an accomplice. Leonard v. State, 43. Ala.App. 454, 192 So.2d 461. Davis' motion to exclude Moore's testimony was made at the conclusion of the state's case. While Davis testified on his own behalf, his testimony merely sought to set up an alibi. The state offered no additional testimony. Therefore, the denial of the motion to exclude Moore's testimony on the ground that he was an accomplice whose testimony was not corroborated, was erroneous. This error was not obliterated by the subsequent instructions of the court. The question of whether the instructions became the law of the case would be irrelevant.

Reversed and remanded.

All the Justices concur.