297 So.2d 388

**Early Lee GASKIN**

v.

**STATE.**

I Div. 418.

Court of Criminal Appeals of Alabama.

March 19, 1974.

Rehearing Denied April 9, 1974.

E. E. Ball, Bay Minette, for appellant.

William J. Baxley, Atty. Gen., and Donald G. Valeska, II, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

This appeal is from a conviction for burglary in the first degree with appellant's sentence being fixed at fifteen years imprisonment in the penitentiary.

At the conclusion of the testimony presented by the State appellant moved to exclude the evidence, which motion was overruled by the court.

After judgment was entered, he filed a motion for a new trial, which was also heard and overruled by the court.

Under the testimony presented by the State, it appears that on November 4, 1972, Miss Mary Novak lived alone in her home in Baldwin County. Sometime in the early morning hours she heard a noise at one of the windows in the house and on investigation saw appellant on the outside looking through the window. He asked for permission to come in the house but was refused and soon thereafter she heard a "raking" sound at the front door. She immediately ran out the back of the house and concealed herself in some brush for about an hour. During this time she ob-

served lights go on in the house and later go off. Afterward she started toward her nephew's house and met him on his way to her house and reported the occurrence to him and he in turn reported it to the law enforcement authorities. About daylight her brother and his wife also came to her home.

She did not see the appellant go into the house nor leave it but after her return to the house a car was parked in front, in the road, and upon the arrival of the deputy sheriff, he found the appellant asleep in the car. One of his hands had been cut and was bleeding slightly and upon examination of the house by the officer he found the front door screen had been cut and there was blood in several of the rooms on the inside of the house.

The officer awakened the defendant, placed him under arrest, searched him and found a switchblade knife on his person which was introduced into evidence. He later made a formal charge of burglary against appellant.

Tony Novak testified that he was a brother of the prosecutrix and that at the time of the occurrence in question he lived about a mile and a half from her; that he went to his sister's house in the early part of that morning when he was notified of the occurrence. He found her at his son's place while it was still dark in the early morning hours, and that he took her back to her home, where he observed the screen door appeared to have been cut and there was a trail of blood leading from the front door up some stairs and through some rooms. He also observed the appellant in an automobile outside of the front gate to the premises 50 or 75 feet away. After the officer arrived he further observed appellant had a rag wrapped around his hand and it appeared to have blood on it.

Appellant's mother, testifying for the defense, said the appellant suffered a head injury at one time in his life and at times he had dizzy spells and seemed to be un-

aware of what was happening around him. She further testified that this happened both when he had been drinking and was not drinking.

Appellant claimed that on the night in question he had visited a club where he had drunk several beers and had started home from the club. After then he remembered nothing of what happened until after taken into custody by the deputy sheriff. He further testified that he had at one time done some painting in the home of the prosecutrix and knew where she lived but was not clear where it was in relation to the club where he had been drinking and his own home where he claims to have been going when he left the club.

The elements of burglary in the first degree are: (1) breaking and entering, (2) in the nighttime (3) of an inhabited dwelling house or any other house or building occupied by any person lodged therein, with intent to steal or commit a felony. Simmons v. State, 40 Ala.App. 98, 108 So. 2d 184.

The motion to exclude the evidence was based on several grounds: first, the failure of the State to prove venue; second, failure of the State to prove the occurrence happened at night and third, the State failed to show any intent on the part of the appellant while the evidence showed that he had been drinking.

■ As observed by the trial court, there was specific testimony offered by the State that the home of the prosecutrix where this matter happened was in Baldwin County, Alabama.

■ As to the contention that the State failed to show that it happened at night, according to Webster's International Dictionary the term "night" is defined as follows: "that part of the natural day when the sun is beneath the horizon, or the time from sunset and sunrise; esp. the time be-

tween dusk and dawn, when no light of the sun is visible."[1] Without attempting to repeat the testimony of the prosecuting witness and her brother, set out in the above statement of facts, it is apparent that there is no merit to the contention that the State's case is lacking in this regard.

■■ While intent is an important and indispensable element of burglary in the first degree, it is also the law that the jury may reasonably infer necessary intent to steal or commit a felony from the mere presence of the accused under circumstances showing breaking and entering. Behel v. State, 40 Ala.App. 689, 122 So.2d 537 and Davis v. State, 42 Ala.App. 374, 165 So.2d 918. There is no merit in this ground of appellant's motion.

There was testimony that appellant was drinking. He claimed that he had no memory of what happened after he left the club and started driving toward his home and that, therefore, he could have no intent to commit the crime charged. The evidence offered by appellant on this point along with the State's evidence was submitted by the court to the jury for its consideration. There was no error in the action of the court in overruling the motion to exclude the evidence offered by the State and the case was properly submitted to the jury.

■ There was no error in the admission of the knife found by the deputy sheriff on the appellant when he was searched at the time of his arrest. Any evidence which tends to prove, disprove, or shed any light on the issues involved in the trial of a case is properly admitted by the court.

Franks v. State, 45 Ala.App. 88, 224 So.2d 924; Wade v. State, 49 Ala.App. 601, 274 So.2d 626.

We further think there was no error in the action of the court overruling the motion for a new trial.

We have searched the record for error, as is our duty under the law, and finding none injurious to the substantial rights of the appellant, this case is affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.

---

1. Blackstone IV Comm. 224 says:
   " * * * As to what is reckoned night, and what day, for this purpose; anciently the day was accounted to begin only at sun-rising, and to end immediately upon sun-set; but the better opinion seems to be, that if there be daylight or *crepusculum* (twilight) enough, begun or left to discern a man's face withal, it is no burglary.

   (*u*) But this does not extend to moonlight; for then many midnight burglars would go unpunished: and besides, the malignity of the offence does not so properly arise from its being done in the dark, as at the dead of night; when all the creation, except beasts of prey, are at rest; when sleep has disarmed the owner, and rendered his castle defenceless."