Petitioner, on his application for rehearing, raises some claims that were not *Page 1114 
raised in his initial petition. Because this is a capital case, we will address each of these claims of prejudicial error.
First, petitioner argues that the jury should have been charged on burglary in the second and third degrees and on criminally negligent homicide. He claims that failure to instruct the jury on these lesser included offenses violates the principle of law set out in Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382,65 L.Ed.2d 392 (1980). We disagree. As stated in Spaziano v.Florida, 468 U.S. ___, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984), "nothing in Beck requires that the jury determine the guilt or innocence of lesser included offenses for which the defendant could not be convicted and adjudicated guilty."
The elements of burglary in the first degree are:
 "(1) breaking and entering, (2) in the nighttime, (3) of an inhabited dwelling house or any other house or building occupied by any person lodged therein, with intent to steal or commit a felony." Gaskin v. State, 53 Ala. App. 64, 297 So.2d 388, cert. denied, 292 Ala. 721, 297 So.2d 391 (1974). (Emphasis added.)
The elements of burglary in the second degree are:
 "(1) the breaking and entering of an inhabited dwelling house in the daytime, or the breaking and entering, at any time in the day or night of the buildings, structures or places described in this section, and (2) with the intent to steal or commit a felony. Whether one gains or profits from the burglary is of no significance." Davis v. State, 283 Ala. 686, 220 So.2d 860 (1969). (Emphasis added.)
Burglary in the third degree is described as follows:
 "(a) A person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein.
 "(b) Burglary in the third degree is a Class C felony." Code 1975, § 13A-7-7.
A defendant is not entitled to charges on lesser included offenses where the only reasonable conclusion from the testimony is that he is guilty of the crime charged or no crime at all.Williams v. State, 377 So.2d 634 (Ala.Cr.App. 1979), cert. denied, 377 So.2d 639 (Ala. 1979).
The indictment in this case charged, as follows:
 "The Grand Jury of said County charge that before the finding of this indictment VICTOR KENNEDY whose true name is to the Grand Jury unknown, otherwise than as stated, did, in the nighttime, with the intent to commit a felony, to wit: robbery knowingly and unlawfully, break into and enter an inhabited dwelling, to wit: owned or in possession of Annie Laura Orr, in Montevallo, Alabama, which was then occupied by the said Annie Laura Orr, a person lodged therein, and while effecting entry or while in the said inhabited dwelling or in the immediate flight therefrom said Victor Kennedy or another participant to wit: Darrell Grayson was armed with a deadly weapon, to wit: a pistol, and during the course of said nighttime burglary, Victor Kennedy did intentionally cause the death of another person, to wit: Annie Laura Orr by suffocating her with a pillowcase in violation of Section 13A-5-31 (A)(4), Code of Alabama, 1975, against the peace and dignity of the State of Alabama.
"COUNT II
 "The Grand Jury of said County further charge that before the finding of this indictment VICTOR KENNEDY whose true name is to the Grand Jury unknown, otherwise than as stated, did, in the nighttime, with the intent to commit a felony, to wit: robbery in the 1st degree knowingly and unlawfully, break into and enter an inhabited dwelling, to wit: owned or in possession of Annie Laura Orr, in Montevallo, Alabama, which was then occupied by the said Annie Laura Orr, a person lodged therein, and while effecting entry or while in the *Page 1115 
said inhabited dwelling or in the immediate flight therefrom said Victor Kennedy or another participant to wit: Darrell Grayson was armed with a deadly weapon, to wit: a pistol, and during the course of said nighttime burglary, Victor Kennedy did intentionally cause the death of another person, to wit: Annie Laura Orr by suffocating her with a pillowcase in violation of Section 13A-5-31 (A)(4), Code of Alabama, 1975, against the peace and dignity of the State of Alabama."
The indictment was returned in January 1981, prior to the effective date of Act No. 81-178, Acts 1981 (§§ 13A-5-39 through13A-5-59).
The only reasonable conclusion from the testimony in this case was that the defendant broke or entered, in the nighttime, aninhabited dwelling house, with intent to commit a felony, to wit: robbery; therefore, because the evidence supported a conviction of no offense of burglary less than first degree burglary, the trial court did not err in failing to charge the jury on the lesser degrees of burglary.
Code 1975, § 13A-1-9 (b), provides that:
 "The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense. (Acts 1977, No. 607, p. 812, § 126.)"
Here, the indictment charged the defendant with an intentional killing during a nighttime burglary, and there was no rational basis in the evidence for convicting the defendant of any degree of burglary less than first degree.[1]
Petitioner also argues, for the first time, that the state failed to tender a copy of one of the three statements he gave to police. At trial, petitioner's counsel stated for the record that the state failed to furnish him with a copy of petitioner's first statement, and that he was unaware that this statement existed until after the trial had already commenced. Petitioner's counsel claims that he made statements in his opening statement which were inconsistent with information contained in the first statement given and, thus, that Kennedy was severely prejudiced.
We have carefully reviewed the trial transcript regarding this issue, and we find that there is direct testimony that defendant's counsel was furnished with all statements made by Kennedy. The record reflects, therefore, that petitioner's counsel was given copies of all statements or was aware of all information contained in the statements. As this Court stated on original deliverance: "To establish a Brady violation, Kennedy must demonstrate (1) that the prosecution suppressed evidence; (2) that that evidence was favorable to him or exculpatory; and (3) that the evidence was material."
Based on the sworn testimony in the record, we find no Brady
violation here.
Finally, petitioner contends that this Court applied in his case rules of decision different from the rules applied in other cases, with a view toward upholding the death sentence imposed. In particular, appellant argues as follows:
 "This Court states, on the one hand, that the jury is presumed to have adhered to the instructions given it while, on the other hand, this Court states that certain instructions `taken as a whole' are acceptable even though specific instructions are admittedly erroneous."
The portion of the original opinion he claims is erroneous reads as follows: *Page 1116 
 "While the charge on criminal negligence served no purpose except to provide a contrast to the other definitions, the court's inclusion of this definition in the jury charge is not reversible error because here the instructions as a whole present the case properly, in that the trial court repeatedly instructed the jury that it must find the killing to have been intentional in order to render a verdict of capital murder. . . ."
He contends that this statement of the law is a violation of his right to equal protection and due process.
On original deliverance we followed fundamental rules regarding appellate review of jury instructions, and we have not applied any rule of law to petitioner which we have not applied in other appeals.
In addition, Kennedy reargues all claims raised in his petition for certiorari which we addressed on original deliverance. We have reviewed the original opinion in light of Kennedy's argument on rehearing, and we are of the opinion that the application is due to be overruled.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All the Justices concur.
[1] While not applicable here, it is noted that Code 1975, §13A-5-41, now provides as follows:
 "Subject to the provisions of section 13A-1-9 (b), the jury may find a defendant indicted for a crime defined in section 13A-5-40 (a) not guilty of the capital offense but guilty of a lesser included offense. Lesser included offenses shall be defined as provided in section 13A-1-9 (a), and when there is a rational basis for such a verdict, include but are not limited to, murder as defined in section 13A-6-2 (a), and the accompanying other felony, if any, in the provision of section 13A-5-40 (a) upon which the indictment is based. (Acts 1981, No. 81-178, § 3.)"