142 So. 111

## DYE v. STATE.
### 6 Div. 239.

Court of Appeals of Alabama.
May 24, 1932.

George Frey, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

**BRICKEN, P. J.**

In this prosecution, the offense complained of, by indictment, was burglary of a railroad car. The corpus delicti was proven without dispute or conflict, and the only further inquiry upon the trial of this case in the court below was whether or not this appellant was one of the parties who committed the crime complained of. The undisputed evidence, as stated, disclosed that the railroad car in question had been broken into. That the car originally contained six hundred sacks of sugar, and that thirteen sacks of the sugar had been stolen from the car. There was some evidence that these particular thirteen sacks of stolen sugar were sold and delivered to one Digeorgia, and that they were so sold and delivered by this appellant and two others. This appellant denied all connection with or knowledge of the burglary, and strenuously insisted he did not participate in any manner in the sale of the sugar or its delivery to Digeorgia, as testified to by Digeorgia and an admitted accomplice, one Johnny Jones.

The position taken by appellant in the court below was to the effect that there was no evidence tending to connect him with the commission of the offense other than that of accomplices, and he undertook to invoke the provisions of section 5635 of the Code 1923, wherein it is provided a conviction of felony cannot be had on the testimony of an accomplice (or accomplices), unless corroborated by other evidence tending to connect the defendant with the commission of the offense, etc. And in this connection appellant insisted that the purchaser of the stolen goods, the said Digeorgia, was an accomplice as a matter of law. The trial court left it to the jury to decide from the evidence whether Digeorgia was an accomplice, and in this we think there was no error. On this question the court made the following statement, to which exception was reserved: "I will tell the jury that unless there is some evidence which shows that Sam Digeorgia knew they were going to burglarize this car, and aided, abetted or encouraged them to do it, that he is not an accomplice. There is some evidence here tending to show that Sam Digeorgia bought the stolen property. If that is the only evidence that they have to connect Sam Digeorgia with the burglary, that is not sufficient to show that he knew anything about any pre-arrangement to rob the car. Of course if he had put them up to it, or aided or encouraged them, then they could have connected him as a party to the robbery or burglary of the car. But just the fact that he bought stolen property would not be sufficient—that is, bought the sugar,—unless he had something to do with stealing that sugar or burglarizing that railroad car. In other words he had to have a hand in the burglary before you could connect him with the burglary. They have him indicted, as I understand it, for buying, receiving or concealing stolen property. But that is quite a different offense from what you are trying this defendant for. He is being tried for burglarizing a railroad car, and Sam Digeorgia is indicted for having bought, received or concealed stolen property. Now, unless there is some evidence here showing that Sam Digeorgia had something to do with the burglary, or aided or encouraged or abetted whoever burglarized the car, you couldn't connect him with the burglary of the car; and unless he was a party to that burglary he wouldn't be an accomplice." This court approves the foregoing statement, and holds there was no merit in the exception mentioned. In the court's oral charge to the jury, the law relative to the inquiry in question was also well and properly stated.

The action of the solicitor at the conclusion of the accomplice's testimony in announcing that he would recommend a year and a day in his case, and the sentencing by the judge accordingly, are not subject to review, as there was no objection taken or exception reserved to said action. Likewise, there was no ruling on the motion for a mistrial. Jones v. State, 23 Ala. App. 384, 125 So. 898; Gilbert v. State, 23 Ala. App. 162, 122 So. 309; Handley v. State, 214 Ala. 172, 106 So. 692; Russell v. State, 202 Ala. 21, 79 So. 359.

We are of the opinion, under the evidence in this case, that the question of the guilt or innocence of the accused was for the jury to determine. The general affirmative charge was therefore properly refused.

No error appearing in any ruling of the court, and the record proper being also without error, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.