239 So.2d 908

**Charles FAIRBANKS**

v.

**STATE.**

**8 Div. 74.**

Court of Criminal Appeals of Alabama.

Oct. 6, 1970.

Ike Groover, Hartselle, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

CATES, Judge.

Second degree arson: three years. Code 1940, T. 14, § 24.

### I

The defendant and others first discussed getting gasoline with the purpose of pouring it on a street surface opposite a juvenile dance hall. After setting a fire the conspirators proposed, "to call the Fire Department and tell them we're burning up the place."

However, two of the band rejected this. The defendant, one of the others testified:

"A Yes, he said, 'Let's burn Finch's out', so there wasn't nobody said nothing, and then he said, who was going to help him, or something like that, and then we went on, everybody said you're a bunch of scared so and so's—

"Q This Defendant here said that?

"A So he said, he would burn it.

"Q Fairbanks said he would burn it?

"A Yes.

"Q Go ahead.

"A And Edward Garth got out with him.

"Q Wait a minute, what else was said before you got the car stopped?

"A Nothing much.

"Q Who said that?

"A Charles Fairbanks, and Edward Garth went along with him.

"Q They had got out and gone to burn it?

"A Yes.

"Q How far away was you all when when they got out to go burn it?

"A A block.

"Q A block or more?

"A Yes.

"Q Did you see them when they got out?

"A I seen them when they got out of the car.

"Q Did you unlock the trunk?

"A Yes.

"Q Did you see when they got the can out?

"A I didn't see who got the gas because we was inside, it was dark, and you could see the figures moving in the dark.

"Q Which one had it then?

"A As I said, I couldn't tell, because it was dark and they was moving away fom the car."

## II

Here appellant claims error only in the trial court's not excluding (on motion) the State's proof for failure to corroborate the testimony of those who rode in the car with Fairbanks and Garth. Code 1940, T. 15, § 307. It might be arguable that the driver of the car by dropping Fairbanks and Garth off at the scene and later taking them away associated with them in the arson. But there were others who were completely passive. Pugh v. State, 42 Ala.App. 499, 169 So.2d 27.

In the instant case, whatever was the criminal object of setting a fire in a street, the paving material of which was not shown to be flammable, the object of burning Finch's store was a new undertaking.

Differentiation of acts as being or not being beyond the scope of the original common purpose is one of degree. Foster, Crown Law, 369 says the actor will stand single from the one soliciting him if the principal wilfully and knowingly commits a felony of another kind. The accessory before the fact will not then be involved in the principal's guilt.

Hence, in this case it cannot be a pure question of law that the original street-burning confederates remained participants in Fairbank's and Garth's burning of Finch's store.

In Childs v. State, 43 Ala.App. 529, 194 So.2d 861, Price, P. J., wrote:

"The witness Witherspoon is an admitted participant in the burglary, and under the undisputed evidence was an accomplice. The fact that the witnesses Benny Jones and Henry Albert Stueckler were purchasers of the stolen property and indicted for buying, receiving or concealing it, does not make them accomplices as a matter of law. Dye v. State, 25 Ala.App. 138, 142 So. 111; Sweeney v. State, 25 Ala.App. 220, 143 So. 586. 'The burden of proving the witness to be an accomplice is, of course,

upon the party alleging it for the purpose of invoking the rule, namely upon the defendant—3 Wigmore on Evidence, Sec. 2060(c). Darden v. State, 12 Ala. App. 165, 68 So. 550.' Horn v. State, 15 Ala.App. 213, 72 So. 763. (Except, of course, where the state's evidence undisputedly makes the witness an accomplice) There was no evidence tending to show that Jones and Stueckler were accomplices."

If there is (as here) a dispute in the evidence as to complicity, then the jury has a question of fact before it. In this case the court below charged the jury of the need for corroboration and also defined an accomplice. No exception was taken, hence, this direction became the law of the case.

We have reviewed the entire record under Code 1940, T. 15, § 389 and conclude that the judgment below is due to be

Affirmed.