Robbery; sentence: eighteen years imprisonment.
The appellant did not elect to testify in his own behalf nor did he present any evidence. The issues on appeal concern the trial court's denial of a mistrial and the refusal to give certain requested instructions to the jury.
 I
The appellant contends that his motions for mistrial should have been granted because the misconduct of an accomplice during the trial prejudiced him.
Billy Joe King testified that he, Thomas Wilson, and the appellant planned and executed a bank robbery in Decatur. King drove the get-away car while the other two actually committed the robbery in question. During the course of his testimony, the State had Thomas Wilson brought to the courtroom for purposes of identification whereupon the following occurred:
 "Q. Is that the man that was with you and Carl Arthur Perry on this occasion? *Page 307 
"A. Yes, sir.
"Q. Okay, fine.
 "MR. WILSON: Ain't no way he could know that. My mother was a prostitute and I could be a bastard. He don't know that.
 "MR. NELSON: Judge, at this time based on the conduct of the gentleman that came out and the curse words in front of the Jury, we would have to ask for a mistrial. We object to it and ask the Court to exclude it and ask for a mistrial, and I assign the grounds that it is nothing but prejudicial to our client, being one and the same man was paraded by our table and the Jury. We object to it and ask for a mistrial.
"THE COURT: Motion for a mistrial denied."
In that motion for a mistrial, counsel for appellant referred to an earlier incident involving the same accomplice. Prior to the first witness being called, the following occurred:
 "MR. NELSON: May it please the Court, at this time we object to going to trial with this defendant because some gentleman just walked through the courtroom here, stopped at the table, said he wanted to speak to me. I think he is Mr. Wilson, who was also charged with this robbery in this same case. He walked in front of jury, was put in a room over here in front of the jury. We object on the ground it is prejudicial to our client, Mr. Perry, and I ask that this case be continued until we eradicate this prejudicial affect.
 "THE COURT: Motion denied. Are you gentlemen ready to go to the Jury?
"MR. MOEBES: Yes, sir, Your Honor.
"MR. NELSON: Yes, sir."
However, page four of the record reveals that the jury had been sent out of the courtroom and was in the venire lounge at the time the accomplice Wilson stopped at the counsel table and spoke to the appellant's attorney. The appellant could not therefore have been prejudiced by the incident in any way. The denial or granting of a motion for a continuance rests in the sound discretion of the trial court, and the denial is not reviewable on appeal absent a showing of gross abuse. Sowellsv. State, Ala.Cr.App., 339 So.2d 1090 (1976).
The second motion for a mistrial was based upon the misconduct of the same accomplice at the beginning of the second day of trial. After the State announced "ready," the following occurred:
 "MR. NELSON: Judge, we would like to make one objection in the record, if we may at this time. We move for a mistrial again on the grounds that approximately five minutes ago the man named Thomas Wilson was handcuffed and was brought over here and put in this small room with a chair in the presence of the Jury, and some few minutes later the deputy sitting beside the door opened the door and said he could not have a chair and he could not smoke, and whereupon Mr. Wilson went into another tirade something about, `has the judge gone crazy' and this sort of thing in front of these twelve folks here, and we object to that and move for a mistrial on the grounds that all the conduct by this fellow is prejudicing our client.
"THE COURT: Is that your motion?
"MR. NELSON: We move for a mistrial.
"THE COURT: I say is that it?
"MR. NELSON: Yes, sir.
 "THE COURT: All right. Is there anybody on this Jury that feels what they saw or heard would disturb their judgment and interfere with their ability to try this case on the law and the evidence? Is there — if there is, would you hold up your hand. All right. Let the Jury go out. Take the Jury back to the room."
Outside the presence of the jury, the trial judge had a discussion with the attorney for the accomplice Wilson and instructed the sheriff on how the in-court identification of Wilson would be conducted. The court then denied the appellant's motion for a mistrial.
The record does not indicate exactly what happened except by way of the grounds stated in the appellant's motion for a mistrial. Before denying the motion, the trial judge satisfied himself that Wilson's conduct *Page 308 
would not disturb the judgment of the jury or interfere with their ability to try the case on the law and the evidence. The trial judge also took appropriate precautions to prevent Wilson from further disrupting the trial.
The granting or denying of a motion for mistrial is within the sound discretion of the trial judge because he is in a much better position to determine what effect, if any, some occurrence may have had upon the jury's ability to decide the defendant's fate fairly and justly. This is particularly true where a disturbance at the trial is not completely incorporated into the record as in the present case. We will not interfere with the trial judge unless there has been a clear abuse of his discretion. Harnage v. State, 290 Ala. 142, 274 So.2d 352
(1972); Shadle v. State, 280 Ala. 379, 194 So.2d 538 (1967). We do not find that the trial judge abused his discretion in denying the motion for a mistrial in either instance recited in the record. See also England v. State, Ala.Cr.App.,333 So.2d 207 (1976), wherein this court upheld the trial court's denial of a motion for a mistrial due to a disturbance in the courtroom by the mother of an accomplice.
 II
The trial court refused to give the following written charges requested by the appellant:
"DEFENDANT'S WRITTEN REQUESTED JURY CHARGE NO. 14
 "I charge you, Members of the Jury, that the defendant, by a plea of not guilty, denied the charges against him, and does not have to prove a thing; that the failure of the defendant to testify cannot be used against him, and that no inference of guilt can be drawn therefrom, and the fact that he did not testify or present evidence in this cause shall not be considered by you against him or prejudice him in any way."
"DEFENDANT'S WRITTEN REQUESTED JURY CHARGE NO. 26
 "I charge you, Members of the Jury, that the defendant, by a plea of not guilty, denied the charges against him, and does not have to prove a thing; that the failure of the defendant to testify cannot be used against him and that no inference of guilt can be drawn therefrom and the fact that he did not testify or present evidence in this cause shall not prejudice him in any way."
"DEFENDANT'S WRITTEN REQUESTED CHARGE NO. 27
 "I charge you Members of the Jury, that you must return a verdict of not guilty in this case."
Charges 14 and 26 were formulated on the basis of Title 15, § 305, Code of Ala. 1940 (now § 12-21-220, Code of Ala. 1975), which in pertinent part provides:
 ". . . the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such a request shall not create any presumption against him, nor be the subject of comment by counsel. . . ."
This court found the refusal of a similar charge to be without injury where the defendant's failure to testify had not been the subject of comment by counsel or referred to in any manner in Turner v. State, 29 Ala. App. 13, 191 So. 392, cert. denied (with opinion), 238 Ala. 352, 191 So. 396 (1939). The basis of the ruling in Turner was old Supreme Court Rule 45, now Rule 45, Ala. Rules of Appellate Procedure, which in pertinent part is as follows:
 "No judgment may be reversed or set aside . . . on the ground of . . giving or refusal of special charges . . unless in the opinion of the court to which the appeal is taken . . . it should appear that the error complained of has probably injuriously affected substantial rights of the parties."
Adhering to the principle set forth in Turner, supra, we find that the trial court's refusal to give Charges 14 and 26 in the instant case resulted in no injury to the appellant. Nowhere in the record is there an indication that any attempt was made by counsel to comment on the appellant's failure to testify. This lack of comment *Page 309 
and the fact that the evidence without material conflict disclosed that the appellant and his cohorts robbed the bank in question brings this case squarely within the holding inTurner, supra.
Charge No. 27 was an affirmative charge and was properly refused by the trial court.
The appellant contends that the affirmative charge should have been granted because a conviction for a felony cannot be had on the testimony of an accomplice unless corroborated by independent evidence tending to connect the accused with the commission of the offense. Title 15, § 307, Code of Ala. 1940.
Nettie Wilson, the mother of Thomas Wilson and grandmother of Billy Joe King, supplied the independent corroborating evidence to support the appellant's conviction. She testified that on the morning of the date of the robbery, Thomas Wilson, Carl Perry, and Billy Joe King were at her residence. She overheard Wilson and Perry talking about robbing a bank. Thomas Wilson got a pillow case from his mother, and the trio left the house. Shortly thereafter, they returned with the pillow case full of money which they counted out on a bed and divided. The appellant put his share in a brown paper bag and left with it.
It is the appellant's position that Nettie Wilson, because of her cooperation, became an accomplice; therefore, her testimony could not corroborate that of other accomplices pursuant to Title 15, § 307, supra. The classic test of determining whether one is an accomplice is whether he could have been indicted and convicted of the offense charged, either as principal or accessory. If he could not be so charged, he is not an accomplice. Miller v. State, 290 Ala. 248, 275 So.2d 675
(1973). Mere presence at the scene of the crime or failure to raise a hue and cry does not make a person an accessory.Leonard v. State, 43 Ala. App. 454, 192 So.2d 461 (1966). Compulsion or duress which is present, imminent, and impending, and of such a nature as to induce a well-grounded apprehension of death or serious bodily harm if the act is not done, will excuse an act which would otherwise be a crime. Haywood v.State, 43 Ala. App. 358, 190 So.2d 725 (1966). If the evidence in this regard is in dispute, a question of fact is presented, and it is for the jury to decide. Fairbanks v. State,46 Ala. App. 236, 239 So.2d 908 (1970).
There was evidence from which the jury could find that Nettie Wilson was not an. accomplice. Billy Joe King testified that his grandmother's life was threatened two or three times. Nettie Wilson also testified that she was afraid she would make the wrong move and that she would be killed. Moreover, the trial judge extensively charged the jury concerning accomplices and gave five of the appellant's requested instructions on the subject.
Where there is doubt whether a witness is in fact an accomplice and the testimony is susceptible to different inferences, a jury question is presented. Perry v. State, Ala.Cr.App., 340 So.2d 895, cert. denied, Ala., 340 So.2d 896
(1976); Daniels v. State, 50 Ala. App. 88, 277 So.2d 364 (1973);Doss v. State, 220 Ala. 30, 123 So. 231 (1929); Skumro v.State, 234 Ala. 4, 170 So. 776 (1936). Before the prohibition of Title 15, § 307, supra, may be invoked in favor of a defendant, it must clearly appear that the witness in question is an accomplice. Ross v. State, 74 Ala. 532 (1883); Lowery v.State, 38 Ala. App. 505, 88 So.2d 854 (1956). The burden of proving that a witness is an accomplice is upon the defendant who alleges it for the purpose of invoking § 307, supra.Fairbanks, supra; Snowden v. State, 27 Ala. App. 14, 165 So. 410
(1936).
The issue of whether Nettie Wilson was an accomplice was put squarely before the jury and was decided adversely to the appellant. We cannot say as a matter of law that the evidence did not support the finding of the jury in this regard. Nettie Wilson's testimony therefore corroborated the testimony of Billy Joe King. Thus, the affirmative charge was properly refused.
AFFIRMED.
All the Judges concur. *Page 310