This is an appeal from a conviction of burglary and grand larceny with a sentence of four years' imprisonment. The appellant attempts to present three questions to this court: (1) Whether the testimony of a deputy sheriff should have been excluded because it was insufficient to corroborate the testimony of an accomplice, (2) whether the state's evidence was sufficient to corroborate the testimony of an accomplice and (3) whether the trial judge properly charged the jury.
During the daylight hours of June 6, 1977, the trailer home of Mr. and Mrs. Randall Williams was burglarized. A television set and a digital clock radio were taken. Elvis Parrish testified that the appellant and Tommy Teat committed the burglary. According to his testimony, he had been drinking with Teat during that afternoon. Teat introduced him to the appellant. The appellant drove Parrish's automobile to the trailer because Parrish had become "a little wasted" and too intoxicated to drive. Parrish stated that the appellant and Teat broke into the trailer and took a radio and television set. Parrish testified that he did not go inside the trailer and had no prior knowledge of the burglary. Parrish drove away "in a hurry" from the scene of the crime and told the appellant and Teat to remove the stolen goods from his automobile. He drove for about two blocks after which he stopped and got in the back seat. The appellant then resumed driving.
Two witnesses who lived in the area corroborated Parrish's testimony to the extent that they saw a man place a television set in an automobile similar to the one Parrish described. Neither witness could identify the appellant as one of the three men they saw at the trailer. Although they attempted to follow these men, they were unsuccessful in getting a tag number because the automobile was going too fast.
Deputy Sheriff Floyd Brown testified that he stopped the appellant, Teat, and Parrish approximately five hours after the burglary in a vehicle similar to the one described by the two witnesses and Parrish as the one used in the burglary.
 I
Deputy Brown's testimony was properly admitted. Though it would not, in and of itself, sufficiently corroborate the testimony of an accomplice, it could, when coupled with other facts and circumstances, constitute a link in a chain which would legally and adequately incriminate the accused. It is a general rule that on the trial of a criminal prosecution it is permissible to show the whereabouts of the defendant, both prior and subsequent to the commission of the offense, to the time of arrest. Cooley v. State, 7 Ala. App. 163, 62 So. 292
(1913).
 II
The appellant contends that, since Parrish was an accomplice, his testimony must be corroborated by other evidence tending to connect the defendant with the commission of the offense.
If the testimony of Parrish is believed, he had no prior knowledge of the burglary and was not a willing participant in disposing of the stolen items. From the facts before us we cannot say that he was an accomplice as a matter of law. Thus the issue of his complicity was a matter for determination by the jury and not the trial court. Where there is doubt whether a witness is in fact an accomplice and the testimony is susceptible to different inferences on that point, the question is for the jury. Perry v. State, Ala.Cr.App., 340 So.2d 895, cert. denied, Ala., 340 So.2d 896 (1976); Daniels v. State,50 Ala. App. 88, *Page 855 277 So.2d 364 (1973); Doss v. State, 220 Ala. 30, 123 So. 231 (1929);Skumro v. State, 234 Ala. 4, 170 So. 776 (1936).
Before the prohibition contained in Title 15, Section 307, Code of Alabama 1940 (now 12-21-222, Code of Alabama 1975), requiring corroboration of the testimony of an accomplice, may be invoked in favor of a defendant, it must clearly appear that the witness giving the incriminating testimony is an accomplice. Ross v. State, 74 Ala. 532 (1883); Lowery v. State,38 Ala. App. 505, 88 So.2d 854 (1956).
The burden of proving that a witness is an accomplice is upon the defendant who alleges it for the purpose of invoking the rule requiring corroboration. Fairbanks v. State, 46 Ala. App. 236, 239 So.2d 908 (1970); Snowden v. State, 27 Ala. App. 14,165 So. 410 (1936).
Under the facts of this case the question of whether Parrish was an accomplice was for the jury.
 III
At trial, defense counsel announced "satisfied" with the oral instructions of the trial judge. There were no exceptions to the court's charge and no written requested instructions. Under these circumstances, objection to the oral charge of the trial court was waived. 6A Alabama Digest, Criminal Law, 847. This matter cannot be raised for the first time on appeal. 7 Alabama Digest, Criminal Law, 1038.1 (1). Nothing is presented for review. 7 Alabama Digest, Criminal Law, 1056.1 (1).
We have examined the record and found no error adverse to the substantial rights of the appellant. The judgment of the trial court is therefore affirmed.
AFFIRMED.
All Judges concur. *Page 1140