ON REHEARING
Orlan Eugene Humber, Jr. was indicted and convicted for theft in the first degree. Alabama Code 1975, § 13A-8-3. He was sentenced as an habitual offender to ten years' imprisonment and ordered to make restitution in the amount of $733.59. Two issues are raised on appeal.
 I
Humber argues that he was convicted on the uncorroborated testimony of an accomplice in violation of Alabama Code 1975, §12-21-222.
At trial, Humber's defense was alibi.
Sometime during the night of May 2, 1983, a pickup truck owned by J.R. Auto Parts was stolen in Cullman County. Less than two days later, the truck was discovered inside a metal building on the property of Joe Donald Maze. The stolen truck had been partially dismantled and several vehicle identification numbers had been removed.
Although Maze was not involved in the actual theft of the truck, the defendant argues that Maze was an accomplice. This contention is based on the fact that Maze testified that two days before the truck was stolen the defendant telephoned him and told him he was going to bring him a truck which he agreed to purchase for $300.00, knowing that the truck would be stolen. The defendant argues that under Alabama Code 1975, §13A-2-23, Maze is legally accountable for the theft because Maze "induced" its commission by agreeing to purchase stolen property before the property was stolen.
The generally accepted rule is that "one who knowingly receives stolen property from the thief is not to be treated as an accomplice of the thief for purposes of corroboration in a trial of the thief for the principal offense." Annot., 74 A.L.R.3d 560, 567-68 (1976); Jones v. State, 373 So.2d 1221,1223 (Ala.Cr.App.), cert. denied, Ex parte Jones,373 So.2d 1225 (Ala. 1979), overruled on other grounds, Ex parte Wilcox,401 So.2d 794, 796 (Ala. 1981); Kyles v. State, 358 So.2d 797,798 (Ala.Cr.App.), cert. denied, Ex parte Kyles, 358 So.2d 799
(Ala. 1978); Childs v. State, 43 Ala. App. 529, 532,194 So.2d 861, cert. denied, 280 Ala. 711, 194 So.2d 864 (1966).
An exception to this general rule is that "a receiver of the stolen property is an accomplice of the thief for purposes of corroboration whenever there has been a prearranged plan or conspiracy between the receiver and the thief concerning the theft of, and subsequent purchase of, the property." 74 A.L.R.3d at 575. Davis v. State, 283 Ala. 686, 220 So.2d 860
(1969); Cooper v. State, 43 Ala. App. 385, 388-89,191 So.2d 224, cert. denied, 280 Ala. 711, 191 So.2d 229 (1966); Dye v.State, 25 Ala. App. 138, 139, 142 So. 111 (1932); Motes v.State, 20 Ala. App. 195, 196, 101 So. 286 (1924). "[T]he receiver is an accomplice where he knew in advance that the theft would be committed, and agreed to receive the property which might be stolen." 50 Am.Jur.2d Larceny § 82 (1970). "[W]here the receiver participated in the theft as by aiding, abetting, or inducing it, or by joining in a prearranged plan *Page 167 
whereby one is to steal the property and the other is to buy it, he is an accomplice of the thief." 23 C.J.S. Criminal Law
798 (19) (1961).
Under these principles, the issues of whether Maze was an accomplice and whether he knew in advance that the defendant was going to commit a theft and agreed to purchase the property that was to be stolen were factual questions for the jury.Jacks v. State, 364 So.2d 397, 403 (Ala.Cr.App.), cert. denied,Ex parte Jacks, 364 So.2d 406 (Ala. 1978); Peoples v. State,418 So.2d 935, 938 (Ala.Cr.App. 1982).
At the close of all the evidence, the trial court denied the defendant's motion for a judgment of acquittal and held that Maze was not an accomplice.
 "[A]t worst, whether or not Mr. Maze was an accomplice or not would be a question of fact for the jury. Certainly, that would be the best position you could hope for, I think, under the evidence. "I am inclined to agree with you that if there is any evidence other than Mr. Maze's evidence, it would be mighty slim, you know. Nothing to really probably convict. Show the defendant had committed the crime. But it might be just circumstances."
The trial court's refusal to instruct the jury on the principles of corroboration of an accomplice's testimony constitutes reversible error.
 II
Five witnesses testified in the State's case in chief. Harold Ricky Freeman testified to the ownership of the truck and the fact that it was stolen. Investigator Lynn Wood of the Cullman Police Department discovered the truck in Maze's garage. Steven J. Maze, Joe Maze's seventeen-year-old son, testified that his father was in the business of "selling used parts" and that he helped dismantle the truck. He also testified that he had seen the defendant at his father's garage or residence "about twice — three times" and that the defendant had telephoned his father "once or twice, three times, maybe." Danny Joe Maze, Joe Maze's eighteen-year-old son, also testified that he helped his brother dismantle the truck. He had seen the defendant at the garage "a couple of times." He stated that, on May 5th, the defendant telephoned and "wanted to know what was going on" after "everything that happened up there at the Maze place was in the paper Thursday morning."
The only witness to connect the defendant with the stolen truck was Joe Maze. Without his testimony, there is absolutely nothing which even tends to connect the defendant with the charged theft. Jacks, supra. The defendant's conviction was had on the uncorroborated testimony of an accomplice.
The opinion issued on original submission is withdrawn. The judgment of the circuit court is reversed and remanded and the application for rehearing is overruled.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; JUDGMENT REVERSED AND REMANDED; APPLICATION FOR REHEARING OVERRULED; RULE 39 (k) MOTION DENIED.
All Judges concur.