Gary Wayne Davidson was convicted of third degree burglary and was sentenced to twenty-one years in the state penitentiary.
During the night of March 19, 1985, a boathouse owned by William Quick was broken into and his motorboat was stolen. After informing the police of the burglary, Mr. Quick and a friend began looking around the lake for the stolen boat. They found the boat pulled up onto a nearby embankment. Several fishing rods and other equipment that had been in the boat were missing, but Mr. Quick found these items hidden in some nearby foliage. The police subsequently set up a stakeout of the area. Later that day, the appellant and Tony Christian were seen walking toward the stolen boat. Terry Osborne, one of the police officers present at the stakeout, testified *Page 1041 
that the two men proceeded to the spot where the fishing equipment was hidden, brushed away the foliage, and started gathering the stolen articles. The police then moved in and arrested the men. Tony Christian later confessed to stealing the boat and also implicated the appellant in the burglary.
 I
First, the appellant contends that the testimony of Tony Christian was not sufficiently corroborated. It is well settled law that a defendant cannot be convicted of a felony solely upon the testimony of an accomplice unless that testimony is corroborated by other evidence. Section 12-21-222, Code of Alabama 1975. The appellant argues that without Christian's testimony, the evidence against him would have been insufficient to support his conviction for burglary. The test for determining whether there was sufficient evidence to corroborate the testimony of an accomplice is not, as contended by appellant, whether the other evidence, standing alone, would support the conviction. The test is whether, after eliminating the testimony of the accomplice, the remaining evidence is sufficient to connect the accused with the crime. Stephens v.State, 451 So.2d 402 (Ala.Cr.App. 1984); Peoples v. State,418 So.2d 935 (Ala.Cr.App. 1982). Officer Osborne testified that he saw the appellant and Tony Christian approach the stolen boat and that he saw them pick up some fishing rods and other equipment which had been hidden in the underbrush. These items were later identified as belonging to the victim, Mr. Quick. In addition, Officer Osborne stated that footprints found inside the boat and on the ground beside the boat appeared to be made by the same type of shoe that the appellant was wearing at the time he was apprehended.
 "In certain instances, association with the accomplice tending to show the accused's proximity, chronologically and geographically, to the alleged offense may furnish sufficient corroboration. [Citations omitted.] Evidence of the defendant's possession of property stolen at the time of the offense may also be sufficient to corroborate an accomplice's testimony." Andrews v. State, 370 So.2d 320, 322 (Ala.Cr.App. 1979).
The evidence submitted by the state was clearly sufficient to corroborate the testimony of Tony Christian.
 II
Before trial, the court granted the appellant's motion for discovery. Pursuant to the court's order, the state was required to provide the appellant with a list of all criminal charges pending against those individuals expected to testify for the state. The appellant maintains that, since the state failed to inform him prior to trial that it was also prosecuting Tony Christian for burglary of the boathouse, the trial court should have granted his motion for mistrial. The record herein reveals that the prosecuting attorney was not aware that Christian would testify until the night before the trial. The record also indicates that the assistant district attorney brought out during direct examination of Christian that burglary charges were pending against him. Furthermore, the appellant had an opportunity to impeach Christian with this information on cross-examination. Upon these facts, we find no prejudice to the appellant that would warrant a mistrial. See,Nelson v. State, 440 So.2d 1130 (Ala.Cr.App. 1983). We find no reversible error.
AFFIRMED.
All the Judges concur. *Page 1042