This Court granted certiorari to determine whether Brady v.Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny were correctly applied by the Court of Criminal Appeals to reach its result in this case.
The Court of Criminal appeals recognized that the suppression by the state of material evidence, requested by the accused, which was favorable to the accused either as direct or impeaching evidence, would be error, citing Williams v. Dutton,400 F.2d 797 (5th Cir. 1968). Nevertheless, that court held that, because the promise of immunity, as testified to by the State's witness, Brett Jones, had been revealed upon his cross-examination by the defense, the petitioner, Firth, was not prejudiced by any suppression of it by the State. We agree with that conclusion under these facts. The promise of immunity in question here was brought out by defense counsel at trial, and thus they were "fully able to make whatever use of it they desired during closing arguments to the jury." United States v.Walker, 720 F.2d 1527 (11th Cir. 1983). See also United Statesv. Bruner, 657 F.2d 1278 (D.C. Cir. 1981) (failure to disclose the indictment of a witness did not require reversal of a case in which *Page 406 
defense counsel learned of this evidence during trial).
Our views expressed here are not to be construed as agreement with the discussion of this point otherwise in the opinion of the Court of Criminal Appeals.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.