TYSON, Judge.
Gary Teal was indicted for theft of property in the first degree and receiving stolen property in the first degree, in violation of § 13A-8-3 and § 13A-8-17, Code of Alabama 1975. The charge of receiving stolen property was dismissed by the trial court. The jury found the appellant “guilty as charged in the indictment” of theft of property in the first degree. The appellant was sentenced to five years’ imprisonment in the State penitentiary.
The relevant facts as they were presented by the State’s case in chief revealed the following:
Rockwell Calvert, president of Dixie Tractor Company, Inc., testified that in mid-December of 1987, he became aware that a Bush Hog cutter and a Bush Hog log splitter were missing from his company. The equipment had been located behind the building, which was enclosed by a chain-link fence. Entry was gained by pulling the gate fences apart far enough that the fork on one gate could be lifted off to unlock the fence.
Danny Hayes, who was indicted for the same offense as this appellant, testified that on a Saturday night in mid-December 1987, he, along with- Kevin Smith, Robert Taylor, and the appellant, met at Robert Taylor’s home in north Gadsden, Alabama. They met for the purpose of planning a burglary at the Dixie Tractor Company. Shortly thereafter, they went to the Dixie *1177 Tractor Company in Cullman County. Hayes, Smith, and the appellant rode in Taylor’s red 1986 Ford pick-up truck. Taylor drove a rented Ryder truck.
Hayes and Smith entered the facility by climbing over a fence. They pushed on the gate, which caused the gate to open, thus providing access for the trucks to enter. The appellant and Taylor drove the red pick-up truck and the Ryder rental truck, respectively, inside the gate. Once inside, a Bush Hog cutter and log splitter were loaded on the Ryder truck. All of the participants, including the appellant, assisted in loading the equipment on the truck.
They left Dixie Tractor Company, Inc., around 9:30 or 10:00 p.m. and returned to Taylor’s home shortly before 12:00 midnight. The Ryder truck was parked .behind Taylor’s house and remained there until morning.
The next day, Taylor told Hayes and Smith, who resided with him, that he was going to take the equipment in order to sell it. Hayes further testified that he later moved in with Winston Williams and recognized a Bush Hog cutter and a log splitter which were at Mr. Williams’s home. These were the same ones which were stolen from Dixie Tractor Company.
Mrs. Ruth Williams testified that on December 17, 1987, Taylor and the appellant arrived at her home driving a Ryder or U-Haul truck and a red pick-up truck. The appellant, along with Taylor and Mr. Williams, unloaded a Bush Hog cutter and log splitter from the trucks. Mrs. Williams testified that the cutter and the log splitter remained at her home until June 1988, when law enforcement officers recovered the equipment.
Mr. Williams’s testimony was substantially the same as that of Mrs. Williams, with regard to: (1) the day the appellant and Mr. Taylor arrived at their home with the Bush Hog cutter and log splitter; (2) the type vehicles the appellant and Taylor were driving; (3) the persons who unloaded the equipment; and (4) the time that the cutter and log splitter remained at their home.
Mr. Williams further testified that he had previously asked Taylor if he could find a Bush Hog for him. Mr. Williams stated that Taylor told him that he had a friend that worked at the Bush Hog factory in Mississippi and that he was going to arrange to get some equipment. On December 17, 1987, Taylor told him, “Well, I have made a trip to Mississippi yesterday and I got some Bush Hog equipment.” (R-133). They then proceeded to unload the equipment.
On cross-examination, Williams stated that he was being prosecuted for receiving stolen goods in connection with the Bush Hog cutter and log splitter.
Lynn Wood, a criminal investigator for the Cullman Police Department, testified that the serial numbers on the identification tags on the cutter and log splitter found at Mr. Williams’s residence matched the serial numbers on the police officer’s report of the stolen equipment.
This appeal was initially brought on two grounds: (1) whether the trial court erred in not granting a motion for a directed verdict and (2) whether there was sufficient evidence presented by the State to convict the appellant. For purposes of our review the issues will be consolidated because they both address the sufficiency of the State’s evidence.
I
The appellant contends that Danny Hayes’s testimony was not sufficiently corroborated by other evidence to sustain his conviction. Appellant further asserts that Mr. and Mrs. Williams’s testimony is not sufficient to corroborate his conviction because they were also accomplices to the theft.
Alabama Code Section 12-21-222 (1975) states:
“A conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient.”
*1178 It is undisputed that Danny Hayes was an accomplice to the theft, since the record establishes that Hayes was an active participant in the theft. Therefore, Hayes’s testimony must be corroborated by other evidence linking appellant to the crime.
A
The first major question is whether Mr. and Mrs. Williams were accomplices, thus requiring additional evidence other than the Williamses’ testimony, connecting this appellant to the crime.
An accomplice is one who knowingly, voluntarily, and with common intent unites with the principal offender in the commission of a crime. Black’s Law Dictionary 16 (5th ed. 1979).
The test for determining whether an individual is an accomplice is whether he could have been indicted and convicted of the same offense, either as principal or accessory. Moon v. State, 460 So.2d 287 (Ala.Cr.App.1984).
The appellant contends that Mr. and Mrs. Williams were accomplices because they received the stolen property. However, the mere receipt of stolen property does not make the receiver an accomplice to the original theft. Stewart v. State, 381 So.2d 214 (Ala.Cr.App.1980), Humber v. State, 466 So.2d 165 (Ala.Cr.App.1985).
This court in Humber stated: “The generally accepted rule is that ‘one who knowingly receives stolen property from a thief is not to be treated as an accomplice of the thief for purposes of corroboration in a trial of the thief for the principal offense’.” (Citation omitted.) An exception to this general rule is that “ ‘a receiver of the stolen property is an accomplice of the thief for purposes of corroboration whenever there has been a prearranged plan or conspiracy between the receiver and the thief concerning the theft of, and subsequent purchase of, the property’.” Humber. (Citation omitted.)
Applying these principles, it is clear that Mr. and Mrs. Williams were neither accomplices nor conspirators to the theft. Chisler v. State, 553 So.2d 654 (Ala.Crim.App. 1989). The record shows unequivocally that the Williamses: (1) had no knowledge of the theft, (2) did not have any pre-ar-ranged plan with appellant, (3) did not aid or render any assistance in the theft, and (4) did not manifest the requisite intent to be convicted of theft in the first degree. (Authorities herein cited.)
B
The appellant contends that the testimony of Danny Hayes was not sufficiently corroborated to support his conviction. He further states that the other testimony presented by the State showed that the appellant merely participated in unloading the stolen Bush Hog log splitter and cutter.
The test for determining whether there is sufficient evidence to corroborate the testimony of an accomplice is not whether the other evidence, standing alone, would support a conviction, but whether, after eliminating the testimony of the accomplice, the remaining evidence is sufficient to connect the accused with the crime. Davidson v. State, 491 So.2d 1040 (Ala.Cr.App.1986), citing Ala.Code § 12-21-222 (1975). The corroborative evidence must be of a substantial nature, must be inconsistent with the innocence of the accused, and must do more than raise a suspicion of guilt. Harris v. State, 420 So.2d 812, 817 (Ala.Cr.App.1982), citing McCoy v. State, 397 So.2d 577 (Ala.Cr.App.), cert. denied, 397 So.2d 589 (Ala.1981). The corroboration need only be slight to suffice. Harris, citing Ingle v. State, 400 So.2d 938 (Ala.Cr.App.1981).
It is well settled that possession of recently stolen property may be sufficient to corroborate the testimony of an accomplice. Andrews v. State, 370 So.2d 320 (Ala.Cr.App.1979), Holt v. State, 383 So.2d 895 (Ala.Cr.App.1980). In the present case Mr. and Mrs. Williams’s testimony established that the appellant was in possession of both the Bush Hog splitter and the log cutter the day after the theft of the property from Dixie Tractor Company. The recent possession of the stolen property is inconsistent with the innocence of the ap *1179 pellant and is sufficient to connect him with the theft at issue.
The judgment of the trial court is therefore due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.