TYSON, Judge.
This is a consolidated appeal. The defendants were indicted for the unlawful sale, manufacture, delivery, or possession of cocaine, in violation of § 20-2-80(2), Code of Alabama 1975. They were found “guilty as charged in the indictment,” after a consolidated trial. Shearer was sentenced to 9 years and 6 months in prison. Kirksey was sentenced to 3 years in prison. Both defendants raise the following two issues on appeal.
I
The appellants first contend that the trial court erred in denying their motion for mistrial because, they say, the State failed to disclose the terms of an agreement between the State and a prosecution witness, in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). They contend that the State failed to disclose an agreement between the State and Allen Love by which Love would not be prosecuted for a prior criminal offense if he assisted the police and testified for the State. This argument has no merit.
The record reveals that during the State’s opening statement, the prosecutor referred to the fact that Love was “working off” some charges against him. (R. 47) Both the narcotics investigator who worked with Love and Love testified that, after Love was arrested, the investigator told Love he would advise the appropriate person, a United States attorney or district attorney, if Love assisted the police. They also testified that no agreement was discussed at that time. The record reveals that the appellants were informed of the terms of an agreement before any testimony was given by Allen Love. Appellant Shearer interviewed Love prior to his cross-examination of Love. The record also reflects that both appellants thoroughly cross-examined the witness about the agreement. In fact, the entire cross-exami *693 nation of Love concerned the agreement. Thus, the jury was fully apprised of the agreement and defense counsel was able to thoroughly use the information during closing arguments. See United States v. Walker, 720 F.2d 1527 (11th Cir.1983), cert. denied, 465 U.S. 1108, 104 S.Ct. 1614, 80 L.Ed.2d 143 (1984). The appellants have failed to show how they were harmed by the delayed disclosure of the information. See, e.g., United States v. Chestang, 849 F.2d 528 (11th Cir.1988); Ex parte Firth, 493 So.2d 405 (Ala.1986) (no prejudice to defendant when promise of immunity was brought out by defense counsel at trial); Davidson v. State, 491 So.2d 1040 (Ala.Crim.App.1986) (no prejudice to defendant when State brought out pending charges against witness during direct examination and defendant had an opportunity to impeach the witness with this information on cross-examination); Coleman v. State, 487 So.2d 1380 (Ala.Crim.App.1986) (no prejudice to defendant when State’s agreement with his accomplice was known by defendant prior to cross-examination and accomplice was thoroughly cross-examined concerning any agreements he had with the State).
II
The appellants contend that the trial court erred in admitting State’s Exhibit 9 (cocaine) because, they argue, there were breaks in the chain of custody. This argument also has no merit. Allen Love was searched and was clear of contraband prior to the drug transaction. He received the cocaine from appellant Kirksey and gave it to Officer Willie Sullivan. Sullivan put the cocaine in a sealed manila envelope and put it in a vault in the police annex. Three days later, he personally delivered the envelope to the drug chemist who identified the substance as cocaine. The record reveals that there was a reasonable probability that the object tested was the same as, and not substantially different from, the object at the beginning of the chain. See McCray v. State, 548 So.2d 573 (Ala.Crim. App.1988); Sommer v. State, 489 So.2d 643 (Ala.Crim.App.1986).
AFFIRMED.
All the Judges concur.