TAYLOR, Judge.
The appellant, Yolanda Gail Atkins, was convicted of shooting into an occupied dwelling and of assault in the second degree, violations of §§ 13A-11-61 and 13A-6-21, Code of Alabama 1975, respectively. She was sentenced to 2 terms of 10 years in prison, to be served concurrently.
The state’s evidence tended to show that at 10:45 p.m. on June 8, 1990, the victim, Ella Williams, was awakened by the sound of breaking glass. She went to the hall of her apartment to investigate. As she entered the hall, she heard a gun blast and was hit by shotgun pellets in one of her legs, an arm and a hand. She was taken to a hospital where she was treated and released the following day. The victim fur *1322 ther stated that before the shooting the appellant had called her on the telephone several times “cussing” and threatening her.
A witness to the events, Tara Johnson, testified that on June 8, 1990, she saw a white Toyota Camry automobile drive up to the victim’s apartment. The appellant, the appellant’s sister, and a third woman exited the car and went to the door of the victim’s apartment. She said that she saw the appellant knock on the door, walk over to the window, pull something shiny out of her purse, and then turn around and start shooting.
The victim’s mother testified that after the shooting at her daughter’s apartment, the appellant drove by the mother’s house and shouted, “Bitch, I’ll get you next.”
The appellant offered an alibi defense, testifying that she was with her boyfriend on the night of the shooting and that she did not know the victim. She also claimed that after she was charged with the shooting, she was harassed by the victim.
I
The appellant initially argues that there was insufficient evidence to find her guilty of the crimes charged. Section 13A-11-61(a), Code of Alabama 1975, states:
“No person shall shoot or discharge a firearm, explosive or other weapon which discharges a dangerous projectile into any occupied or unoccupied dwelling or building ... in this state.”
Section 13A-6-21 states:
“(a) A person commits the crime of assault in the second degree if:
“(2) With intent to cause physical injury to another person, he causes physical injury to any person by means of a deadly weapon or a dangerous instrument. ...”
In reviewing a conviction, we must view the evidence in a light most favorable to the prosecution. White v. State, 546 So.2d 1014 (Ala.Cr.App.1989). We must “accept as true the evidence introduced by the state, [and] accord the state all legitimate inferences therefrom.” White, 546 So.2d at 1017. The evidence as recited above established every element necessary to find the appellant guilty of shooting into an occupied dwelling and of assault in the second degree.
The appellant argues that the testimony was vague, was not credible, and was not reasonable. Any deficiencies in the evidence dealing with the credibility of the witnesses are questions for the jury to resolve. Hope v. State, 521 So.2d 1383 (Ala.Cr.App.1988); Fairbanks v. State, 46 Ala.App. 236, 239 So.2d 908 (Ala.Cr.App. 1970). We will not substitute our judgment for that of the jury. Cumbo v. State, 368 So.2d 871, 875 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979). We hold that the evidence was legally sufficient.
II
The appellant next argues that the trial court made prejudicial comments, created bias, and was not courteous to the defense. As the state correctly argues, at no time in the cited pages of the transcript does the appellant object to the court’s conduct. Thus, this issue was never presented to the trial court for a ruling and no adverse rulings were made. Trawick v. State, 431 So.2d 574 (Ala.Cr.App.1983). We cannot consider matters on appeal which have not first been presented to the trial court. Harris v. State, 420 So.2d 812 (Ala.Cr.App.1982).
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.